Good morning, Your Honors. This case appears to me to break down into two specific parts. When the judge made its ruling in the Superior Court on April 12, 1999, the new legislation hadn't gone into effect that might have changed things for Mr. Rodarte. So we have the situation that the judge faced that day. On April 14, two days hence, Mr. Rodarte's commitment would terminate. At that point, holding him any longer would have been a violation of his due process rights, would have been against California law, would have been unjustified and could not be allowed by the Court. Yet on April 12, the district attorney only asked for a continuance. Mr. Rodarte announced ready, did suggest the judge look at the motion to proceed to dismiss, but when the judge turned to the district attorney, the district attorney's only comments were, continue this case. He suggested May 19. That's, I believe, on page 8 of the excerpt of record. This the judge couldn't do because the commitment terminated in two more days. Well, more significantly, he couldn't do it because he didn't have jurisdiction, correct? No, he had jurisdiction. How did he have — that's not what the California court ruled later. Well, the district attorney — Isn't that — isn't that the ruling that we have to respect regarding whether or not that court had jurisdiction? No. No? You can certainly look independently at whether the court was right or not. We can decide as a matter of California law that the California trial court had jurisdiction when the California court of appeals said it did not? If the court of appeals did not consider his due process rights in saying that the court didn't have jurisdiction. That's a separate matter, though, is it not, from whether or not the trial court had jurisdiction on April 12th or 14th? Well, if we look at whether the court — the superior court had jurisdiction or not, we have to look at which court the district attorney filed the extension petition on, because the superior court only ruled on the district attorney's extension petition that they filed in that superior court. Now, if the court — the superior court didn't have jurisdiction, then the district attorney shouldn't have even been in that court with their petition. But it's not our role, is it, to police the California court's decisions with respect to which of their courts have jurisdiction? Don't you have to find a violation to the federal Constitution here in order to get relief? Well, if you take the approach that the superior court didn't have jurisdiction, you're saying that the court didn't have any choice that day, that even though the district attorney had filed that petition in that superior court, the only thing the district attorney's request for continuance passed the 14th, thus throwing Mr. Rodarte right into the due process question. No, no. The court could not have said it had no jurisdiction? Well, all the court, the superior court was ruling on was, as I've said, that petition. Whatever else was going on was not of any concern to the superior court, because the superior court only had the district attorney's petition there. So when you say, well, the court of appeals talked about jurisdiction, they're talking about something that occurred later because new legislation was passed on down the line, but you're not overruling or confronting that issue initially. If we look at where the court stood on April 12th, 1999, there wasn't a jurisdiction issue. It wasn't raised by the district attorney. Where do we find a basis for federal relief on this argument? What provision, what United States Supreme Court decision was violated? Okay. Mr. Rodarte was entitled to be released on the 14th of April. He was. There's no question about that. I assume, because that was the agreement. No, he was. He was released. If the court didn't have jurisdiction to release him on the 14th, then his due process, federal due process rights would clearly attach, because you could. It didn't have jurisdiction by virtue of the operation of California law? If California law specifies that he's to be released on the 14th, does the court have jurisdiction to hold him beyond that? I don't think so. I don't think so. But it's yes, but that's as a result of the application of California law. It's not as the result of any Federal law. Well, if California doesn't respect its laws, doesn't the 14th Amendment or the 14th Amendment? Every violation of a State law by a State gives rise to a Federal claim? No. No. Only when it denies a person his liberty. If Mr. Rodarte could be held indefinitely, as the district attorney was asking, and if the Court of Appeals was right that he could be held indefinitely, then his due process rights would be violated under the Federal Constitution, because States can't do that. But he wasn't held at that point in time. Well, that's what the — if you're correct, the Court of Appeals said that's what the Court of Appeals wanted the judge to do. Let me make sure I am correct. Was he not released on the 14th? He was. So he wasn't held beyond the 14th. But they went out later on and picked him up in the community and threw him back in. That's a different issue, isn't it? And by the way, I assume that the trial court recommitted him. I mean, that's — it's not clear from the record, but surely it must have been an order of that court that recommitted him. No. No. The only reason he's in custody now is because the Court of Appeals said the new legislation could be retroactively applied and allow the State to go out and find him in the community some year and a half later and put him back in the State hospital where he sits today. Which court committed him, the trial court or the Court of Appeals? He's — the Court of Appeals. He was committed by an order of the Court of Appeals? That's why he's in custody today. No, no. I'm not asking about the legal underpinnings. Was there not an order from the trial court that committed him? No. There never was. There never was? No. When the Court of Appeals said that they could put him back into custody, I filed a review with the Supreme Court. It was denied. I immediately filed a petition for writ of habeas corpus in the district court here. But what happened in the trial court? Nothing. The State trial court. Nothing? In that case, he went back to the State trial court. The State trial court is holding things in abeyance until this Court rules on whether the — What court issued the writ or order that authorized law enforcement personnel to arrest him? You know, no one's confronted me with that question. Well, wasn't it the trial court? You know, I think perhaps. I've never heard of a Court of Appeals doing that, but maybe — I think you're right, you know, now that you bring that up. I think that the Superior Court, in response to the order they were directed by the Court of Appeals, must have issued that order. That was probably in 2000, because he was arrested in, I think, September of 2000. I'm sorry. This was over five years ago in my mind. Did you appeal that? I mean, it seems to me he's in custody pursuant to an order in the trial court that was never appealed in the California system. By that time, the writ of habeas corpus proceedings were — well, I had already petitioned for review. I'm trying to get my times, because I think that it was in August, but I'm not sure, of 2002. And I might even have it right here in front of me, if I may have a moment here. Okay, it was on September 15th, the remand was decided of 1999. Okay, it's July 2000, the Court of Appeals granted the writ of mandate. On September 5th, he petitioned to the Supreme Court for review, and on September — on November 15th, review was denied. Counsel, your time has just about expired. You should hear from the other side. Could you just summarize for me in 20 seconds exactly what you want this Court to do? When Mr. Rodarte was released from — No, no, no. What do you want us to do? Okay. I believe that Mr. Rodarte should be released, ordered released by the State of California because the superior court's order was correct that day, and the subsequent legislation on which the Court of Appeals relied should not be applied retroactively. Retroactively, even though it said it does? No, I don't think the legislation said it. No, no. The California court has said it does? Yes. They said that it could be retroactively applied. That you believe is a violation of Federal law? Yes. Okay. Thank you. You have about a minute for rebuttal. You can respond. Good morning, Your Honors. Deputy Attorney General Jason Chen on behalf of respondents, I'd just like to start out first addressing Your Honor's question about whether or not Petitioner appealed the remand by the Court of Appeals to the trial court after finding that the trial court lacked jurisdiction. No, Petitioner never appealed that decision to the California Supreme Court. Now, as to the question of Federal question, Petitioner has presented none. He has cited no United States Supreme Court precedent stating that the facts of this case would confer jurisdiction upon the trial court to release Petitioner. And in any event, Petitioner's claim that his release gave him some kind of liberty interest is flawed for one basic reason, and that is he never should have been released in the first place. Because the trial court had no jurisdiction to issue such an order. In short, Petitioner is claiming that his erroneous release gives him a legal entitlement. And that is just not the law, whether under California law or Federal law. That is just simply not the case. Now, was there not a judgment of the trial court that committed Mr. Rodarte? The recommitment, surely there must have been some final decision by the trial court that recommitted him. Presumably there was. It does not appear in the record, Your Honor, that indicates that. But it has to be true, doesn't it? Exactly. Because if you read the court of appeals decision, it concludes with a remand to the superior court to set aside its order. Was there ever any appeal of the decision, the judgment of the trial court recommitting him? No. Not that I'm aware of. And the record does not indicate that. So if that's correct, then he has not exhausted his right to pursue these claims in state court. Arguably so, Your Honor. He did present his due process claim to the court of appeals. To the court of appeals, but that's before the judgment that actually recommitted him, where he could have raised that issue and then appealed it. Because the court of appeals didn't address the due process claim the first time because it wasn't – it concluded it wasn't properly before it. That is correct, Your Honor. But that would not have foreclosed Mr. Rodarte from bringing it up again later when the trial court recommitted him, at which point it necessarily would have been properly before the court of appeals had he appealed. Correct? Exactly. Unless this – I'm sorry. No, go ahead. Unless this Court has any further questions, I will submit under briefs. Any further questions? Thank you. Thank you. Thank you. Thank you, counsel. Mr. Weber, very briefly. Thank you. Yes, thank you for the extra minute. You brought up an interesting question, and I think I can answer it better. The Court made no order recommitting. That would be an extension of his commitment. They are only holding him in custody and waiting for a decision by this Court. If this Court says the court of appeals was wrong, that the new legislation could not be applied retroactively to deny his liberty, the Court will cut him loose. If the Court rules otherwise, then he will have to have the recommitment hearing and a determination made on the very issue that was before the Court on April 12, 1999. What is your best case for the proposition that the statute could not be applied retroactively? I think it is from the language in the U.S. Supreme Court in Landgraf. Of course, a very good argument could be made showing the parallel of this statute with ex post facto laws, but I have deliberately not raised that issue so that it would not confuse the issue, because this is clearly a civil commitment. But Landgraf says, referring to due process concerns, a particular concern for the of retribution against unpopular groups or individuals, and that may apply to Mr. Rodarte because of the victim in his case or because he's mentally ill. Thank you. Thank you, counsel. The matter just argued is submitted for decision.
judges: Schroeder, Goodwin, Sedwick